**James H. KRON, Plaintiff–Appellant,**

v.

**MORAVIA CENTRAL SCHOOL DISTRICT and Howard Lapidus, Defendants–Appellees.**

No. 00–7842.

United States Court of Appeals, Second Circuit.

March 12, 2001.

Appeal from the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., J.

Stefan D. Berg, Esq.; Law Offices of Stefan D. Berg, Esq., Syracuse, NY, for appellant.

Michael J. Sciotti, Esq.; Hancock & Estabrook, LLP, Syracuse, NY, for appellees.

Present WALKER, Chief Judge, OAKES and CALABRESI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant James H. Kron appeals from the June 8, 2000 judgment of the district court granting summary judgment to defendant-appellee Moravia Central School District ("Moravia") and dismissing Kron's claim that he was terminated from his position as a guidance counselor in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

Kron was a guidance counselor for Moravia from 1975 until June 1996, when the school board voted to eliminate his position, which was the less senior of Moravia's two guidance counselor positions. Moravia's asserted reason for eliminating the position was to meet an anticipated budget shortfall. Moravia states that it also eliminated another position and failed to refill three positions in anticipation of the budget shortfall. Several months later, after the senior guidance counselor announced his retirement, Moravia hired a guidance counselor, aged 28, assertedly to train as the retiring guidance counselor's replacement. Kron would have been entitled to this position if he had chosen to remain on the school's recall list, but he had opted instead to retire. The following spring a Moravia school teacher announced that she would be leaving. Moravia decided not to replace her and instead hired a second guidance counselor, aged 45.

On appeal, Kron asserts that the district court erred in granting summary judg-

ment because (1) there exist genuine issues of material fact; and (2) the district court erroneously rejected expert testimony produced by Kron concerning the reasonableness of Moravia's alleged belief that it faced a budget deficit. Reviewing the district court's decision *de novo, see Iacobelli Constr. Inc. v. County of Monroe,* 32 F.3d 19, 23 (2d Cir.1994), we agree with the district court that there are no genuine issues of material fact and that summary judgment was properly granted for Moravia. We also find no abuse of discretion in the district court's rejection of Kron's expert testimony.

■ Kron asserts that several issues of fact precluded a grant of summary judgment for Moravia. Specifically, he points to several pieces of circumstantial evidence—such as the fact that within a matter of eighteen months, Moravia replaced two guidance counselors aged 55 with younger guidance counselors aged 28 and 45, and that six of the school board members that voted to terminate him were younger than Kron (although they were all within the protected age class of 40 or older)—to argue that there existed an inference of discrimination sufficient to withstand summary judgment. We disagree. Kron's arguments all relate to whether he established the fourth prong of his prima facie case of discrimination under *McDonnell Douglas* (i.e., whether his termination occurred under circumstances giving rise to an inference of discrimination). *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The district court's decision, however, assumed arguendo that appellant had made out a prima facie case of discrimination. In response to the prima facie case, the district court held, Moravia came forward with a legitimate, non-discriminatory reason for terminating Kron—the anticipated budget shortfall. At this point in the analysis, the presumption of discrimination established by Kron's prima facie case fell away, and the burden shifted back to Kron to show—through admissible evidence—that Moravia's stated reason was merely a pretext for age discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 2106–09, 147 L.Ed.2d 105 (2000); *Fisher v. Vassar College,* 114 F.3d 1332, 1335–36 (2d Cir.1997) (*in banc*). This is what Kron failed to do. Kron did not present evidence that rebutted Moravia's articulated reason for terminating him; accordingly summary judgment was properly granted for Moravia.

■ We also reject Kron's argument that the district court abused its discretion in excluding the testimony of Kron's expert witness concerning the reasonableness of the school board's belief that there would be a budget shortfall. *See General Elec. Co. v. Joiner,* 522 U.S. 136, 141–42, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). The district court found the expert's testimony to be unreliable because the expert was not an accountant, had never testified as an expert before, had used a flawed methodology, had relied on documents that were not available to the school board at the time of its vote, and did not know which documents the school board had relied on. We find that the district court had adequate basis for rejecting the testimony.

We have carefully considered Kron's remaining arguments and find them to lack merit. Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.